UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEKSANDAR DIVCIC, et al.,

    Plaintiffs,

v.                                                            CASE NO.: 8:09-cv-2233-T-23TGW

AMERICAN MORTGAGE
CONSULTANTS, INC., et al.,

    Defendants.
_____/

## ORDER

The parties move (Doc. 32) for approval of a proposed settlement and dismissal of this action with prejudice. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982) (requiring court approval of a settlement that purports to compromise a claim under the Fair Labor Standards Act). The dispute involves, among other issues, the applicability of the FLSA's administrative exemption to each plaintiff. The defendant American Mortgage Consultants, Inc., ("AMC") is "a full service due diligence provider for residential, commercial, auto, student and consumer lending products." AMC employed an underwriter, quality controller, pay history analyst, and compliance analyst. On May 11, 2010, a hearing occurred, during which the parties presented an argument in favor of the proposed settlement. Although the court never certified this action as a collective action, counsel for each party confirmed that each similarly situated employee received notice of this action and either opted-in or declined to participate. In the future, the defendants plan to hire employees on a contractual

basis and eliminate each of the employee positions that resulted in this dispute.  In the proposed settlement (Doc. 32-1), the defendants agreed to pay the plaintiffs $200,000.00, which consists of (1) $85,000.00 in attorney's fees costs and (2) $115,000.00 in unpaid overtime wages and liquidated damages.  The parties "separately negotiated without regard to the amounts paid to the [p]laintiffs" the amount of attorney's fees and costs.  Additionally, the parties agreed to strike the settlement's confidentiality agreement.

Accordingly, the motion (Doc. 32) is **GRANTED** and the settlement is **APPROVED** as a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."  679 F.2d at 1354; <u>Dees v. Hydradry, Inc.</u>, __ F. Supp. 2d __, 2010 WL 1539813 (M.D. Fla. 2010).  The motion for conditional class certification (Doc. 30) is **DENIED AS MOOT**.  Pursuant to Rule 41(a), Federal Rules of Civil Procedure, this action is **DISMISSED WITH PREJUDICE**.  The Clerk is directed to (1) terminate any pending motion and (2) close the case.

ORDERED in Tampa, Florida, on May 12, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE